UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS

| | |
|---|---|
| WÄRTSILÄ NORTH AMERICA, INC., : | |
| Plaintiff, : | Civil No. 3:21-CV-28 |
| v. : | ACTION FOR BREACH OF CONTRACT |
| UNITED STATES VIRGIN ISLANDS WATER AND POWER AUTHORITY, : | |
| : | |
| Defendant. | |

## COMPLAINT

Plaintiff, Wärtsilä North America, Inc. ("Wärtsilä"), by and through its undersigned counsel, files this Complaint against Defendant, United States Virgin Islands Water and Power Authority ("WAPA"), and alleges as follows:

### INTRODUCTION

1. This is a straightforward breach of contract action in which the breaching party fully admits and does not dispute its multiple breaches of the relevant contracts and the total amount it owes to the non-breaching party.

### PARTIES

2. Wärtsilä is a Maryland corporation with its principal place of business located at 11710 North Gessner Road, Suite A, Houston, Texas 77064.

3. WAPA is an autonomous governmental instrumentality incorporated under the laws of the United States Virgin Islands with principal offices located at 9720 Estate Thomas, St. Thomas, Virgin Islands 00801. WAPA produces and distributes electricity and drinking water to residential and commercial customers in the territory. WAPA is authorized to sue and be sued in its corporate name pursuant to V.I. Code Ann. tit. 30 § 105(4).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1332 and 48 U.S.C. § 1612(a), because there is complete diversity of citizenship between the parties and the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this District, a substantial part of the events and omissions giving rise to this action took place in the United States Virgin Islands, and this Court can properly exercise personal jurisdiction over Defendant.

## FACTUAL BACKGROUND

### A. EPC Agreement

6. Wärtsilä sells and services power plant engines to customers in the North American market.

7. On March 15, 2017, Wärtsilä and WAPA entered into that certain Engineering, Procurement, and Construction Agreement (the "EPC Agreement"), providing for WAPA's engagement of Wärtsilä to design, engineer, procure equipment for, construct, start-up and test (collectively the "Work") a LPG-fired reciprocating engine power plant, with a gross installed capacity of 21,081 kWe (Net 20,575 kWe) located at the Randolph Harley Generating Complex in St. Thomas, United States Virgin Islands (the "Facility"). A copy of the EPC Agreement is attached hereto as Exhibit A.

8. Pursuant to Section 7.1 of the EPC Agreement, WAPA agreed to pay US$34,391,560.00 (the "Contract Price") to Wärtsilä, in consideration of its performance of the Work, according to a schedule of milestone payments attached as Appendix 3 to the EPC Agreement.

9. Upon completion of a particular milestone, WAPA was required to make payment to Wärtsilä within five (5) days after receiving notice of such completion in accordance with Section 8.1 of the EPC Agreement.

10. Pursuant to Section 6.1 of the EPC Agreement, if WAPA orders or causes changes to or stoppage of the Work, Wärtsilä is entitled to a written order for the changes (a "Change Order"), and the Contract Price shall be adjusted accordingly.

11. Section 8.3(a) of the EPC Agreement provides that, unless there is a dispute, WAPA shall pay Wärtsilä's invoices within thirty (30) days of receipt. If payment is not received within such period, WAPA shall pay overdue interest to Wärtsilä at the Contract Interest Rate until payment is made in full. The "Contract Interest Rate" is defined in Section 1.13 of the EPC Agreement as the lesser of: (i) three percent (3%) above LIBOR and (ii) the maximum interest rate permitted by law.

12. WAPA's failure to pay Wärtsilä any amount due in accordance with the EPC Agreement, if not cured within fourteen (14) days following notice to WAPA of such failure, constitutes an Event of Default under Section 16.3 of the EPC Agreement.

13. As provided in Section 16.4 of the EPC Agreement, if an Event of Default by WAPA occurs, Wärtsilä shall have the right to terminate the Agreement, in addition to any rights and remedies that may be available at law or in equity including without limitation the right to recover all Losses incurred by Wärtsilä resulting from such default. The term "Losses" is defined in Section 16.2 of the EPC Agreement as "any and all damages, losses, costs and expenses, including without limitation reasonable attorney's fees."

14. Pursuant to Section 19, the EPC Agreement is governed by New York law, and all claims, disputes or controversy arising between the parties "shall be submitted to the U.S. Federal Courts in the U.S. Virgin Islands."

15. On June 5, 2018, Wärtsilä delivered to WAPA an invoice relating to Milestone Payment No. 4A of Appendix 3 of the EPC Agreement, in the amount of US$7,045,002.00, which WAPA was required to pay by July 5, 2018. WAPA, however, only paid US$5,600,000.00, leaving a balance of US$1,445,002.00.

16. By letter dated July 25, 2018, Wärtsilä provided WAPA with notice of its delayed payment obligations, "which [WAPA] did not dispute," and demanded full payment, including interest, pursuant to the EPC Agreement. A copy of the July 25, 2018 letter is attached hereto as Exhibit B.

17. In the same letter, Wärtsilä referenced an invoice already sent to WAPA relating to Milestone Payment No. 5A in the amount of US$3,522,501.00, which WAPA also did not dispute. Payment of this invoice was due on August 15, 2018.

18. By letter dated September 5, 2018, Wärtsilä provided notice to WAPA of its continued failure to pay the balance of Milestone Invoice No. 4A and its failure to pay any part of Milestone 5A. Wärtsilä demanded full payment, including interest, pursuant to the EPC Agreement. A copy of the September 5, 2018 letter is attached hereto as Exhibit C.

19. WAPA represented to Wärtsilä that it was engaged in obtaining financing that would be available to it imminently and would enable it to pay unpaid invoices. Wärtsilä relied on these representations and continued to perform the next milestones of Work under the Contract.

20. WAPA's payment delays continued, as it failed to pay any part of the Milestone Invoices or Change Orders issued by Wärtsilä over the next six months.

21. By letter dated March 13, 2019, Wärtsilä provided notice to WAPA of its payment delays and demanded that all past due Milestone Invoices and Change Orders be satisfied. A copy of the March 13, 2019 letter is attached hereto as Exhibit D. As of the date of the letter, WAPA owed Wärtsilä the total undisputed balance of US$17,843,559.67, calculated as follows:

| **Milestone Payment No.** | **Amount Owed** | **Due Date** |
| --- | --- | --- |
| Milestone Payment No. 4A | US$1,445,002.00 | July 05, 2018 |
| Milestone Payment No. 5A | US$3,522,501.00 | August 15, 2018 |
| Milestone Payment No. 6A | US$1,878,667.20 | November 17, 2018 |
| Milestone Payment No. 7A | US$1,174,167.00 | January 12, 2019 |
| Milestone Payment No. 2B | US$872,657.63 | January 12, 2019 |
| Milestone Payment No. 3B | US$6,217,685.40 | November 17, 2018 |
| **Change Order No.** | **Amount Owed** | **Due Date** |
| Change Order No. 2, Milestone No. 3 | US$110,983.50 | September 24, 2018 |
| Change Order No. 2, Milestone No. 4 | US$73,989.00 | January 12, 2019 |
| Change Order No. 3, Milestone No. 3 | US$497,526.30 | November 17, 2018 |
| Change Order No. 3, Milestone No. 4 | US$331,684.20 | January 12, 2019 |
| Change Order No. 4, Milestone No. 4 | US$51,290.00 | November 17, 2018 |
| Change Order No. 7 | US$1,200,000.00 | March 24, 2019 |
| Change Order No. 8 | US$125,437.49 | January 12, 2019 |
| Change Order No. 9 | US$26,900.00 | March 24, 2019 |
| Change Order No. 10 | US$315,068.95 | January 12, 2019 |
| **Total Amount Owed** | **US$17,843,559.67** | |

22. Again, Wärtsilä agreed, based on the request of WAPA, to continue the Work, relying on representations that WAPA was close to obtaining financing.

**B. Forbearance Agreement**

23. On May 17, 2019, Wärtsilä and WAPA entered into a Forbearance Agreement under which Wärtsilä agreed to forbear from exercising its rights under the EPC Agreement and extended the due date of payment. A copy of the Forbearance Agreement is attached hereto as Exhibit E.

24. In Section 10 of the Forbearance Agreement, WAPA acknowledged and confirmed that, as of the date of execution of the Forbearance Agreement, the outstanding undisputed amount owed to Wärtsilä under the EPC Agreement was US$18,744,108.29.

25. WAPA further agreed (in Section 5(iv) of the Forbearance Agreement) that, on or before the date occurring ninety (90) days after the effective date of the Forbearance Agreement, WAPA would pay Wärtsilä the full balance together with all accrued and unpaid interest; provided, however, that if WAPA provided evidence reasonably acceptable to Wärtsilä of progress being made with respect to entering into a credit agreement before the end of the ninety (90) day period, such period would be extended, at the discretion of Wärtsilä, by up to an additional thirty (30) days.

26. The Forbearance Agreement became effective on or about June 3, 2019, after the parties satisfied the conditions set forth in Section 4 of the agreement. WAPA was therefore required to pay the full amount of the outstanding balance to Wärtsilä by August 31, 2019.

27. As provided in Section 5(i) of the Forbearance Agreement, WAPA also agreed to pay Wärtsilä US$2,000,000.00 (the "Upfront Payment") on or before July 1, 2019, which would be credited to the outstanding balance.

28. Furthermore, Section 9(i) of the Forbearance Agreement states that no provision thereof shall "operate as a waiver of any right or benefit of [Wärtsilä] thereunder including with respect to any enforcement by [Wärtsilä] of its rights and remedies in accordance with the terms of the EPC Agreement."

29. WAPA failed to make the Upfront Payment when due on July 1, 2019, and failed to pay the full balance when due on August 31, 2019.

30. Before the expiration of the ninety-day period under the Forbearance Agreement, WAPA reported to Wärtsilä that it had initially secured financing but that the investor ultimately decided to withdraw through no fault of WAPA.

31. Wärtsilä, acting in good faith in response to WAPA's representations regarding its unsuccessful financing efforts, informed WAPA that it would be willing to revise the Forbearance Agreement by dispensing with the credit agreement requirement and extending the payment deadline to December 31, 2019.

C. **Extension and Amendment**

32. Discussions between the parties continued and the Forbearance Agreement was ultimately amended, by letter dated January 28, 2020, extending the payment terms to February 29, 2020 (the "Extension and Amendment"). A copy of the Extension and Amendment is attached hereto as Exhibit F.

33. As stated in the Extension and Amendment, WAPA does not dispute that, as of the date thereof, the outstanding amount owed to Wärtsilä is equal to US$22,760,121.08.

34. Pursuant to Section I of the Extension and Amendment, WAPA agreed to pay this outstanding balance together with any and all amounts invoiced, owed, or that otherwise become due and payable by WAPA under the EPC Agreement following the date of execution of the Extension and Amendment on or before February 29, 2020.

35. In Section VI of the Extension and Amendment, WAPA "acknowledges, confirms, represents and warrants to, and agrees" with Wärtsilä that:

> \*\*\*
> B.  each of the EPC Agreement and the Forbearance Agreement is in full force and effect, and constitutes a legally valid and binding obligation, enforceable against it in accordance with its respective terms;

C.  the contents of this Extension and Amendment shall not be construed as a permanent waiver of any condition, requirement, or provision set forth in the EPC Agreement and the Forbearance Agreement; and

D.  [Wärtsilä] may, and there is no course of conduct on the part of [Wärtsilä] that in any way could be construed as limiting its discretion to, require [WAPA] to strictly comply with all of the terms of the EPC Agreement and the Forbearance Agreement, time being of the essence, and/or to exercise any and all rights or remedies [Wärtsilä] may possess in connection with [WAPA's] failure to so comply, subject to the terms of this Extension and Amendment.

36. As a condition to the Extension and Amendment, and in consideration of Wärtsilä's willingness to extend the time for WAPA to satisfy its payment obligations, WAPA further consented to the entry of judgment in the Supreme Court of the State of New York, County of New York in favor of Wärtsilä and against WAPA for the full amount owed to Wärtsilä.

37. This Confession of Judgment is set forth in Section V of the Extension and Amendment, and it provides that Wärtsilä shall forbear from execution of the judgment unless and until WAPA breaches or defaults on any obligation set forth in the Forbearance Agreement or the Extension and Amendment, after the expiration of all applicable cure periods.

38. To facilitate entry of the judgment, WAPA's Executive Director, Lawrence J. Kupfer, executed a duly sworn affidavit, in which he admitted without condition or defense, that WAPA defaulted under the EPC Agreement and that WAPA is obligated to pay all amounts owed to Wärtsilä as provided under the terms of the Extension and Amendment. A copy of Mr. Kupfer's affidavit is attached as Annex 2 to the Extension and Amendment (Exhibit F).

39. WAPA failed to make any payment to Wärtsilä by February 29, 2020, and therefore defaulted on the Extension and Amendment.

### D. Second Extension and Amendment

40.     As part of its continued good faith efforts to give WAPA the opportunity to satisfy its contractual obligations, Wärtsilä agreed, by letter dated July 1, 2020, to further amend the Forbearance Agreement and extend its payment terms (the "Second Extension and Amendment"). A copy of the Second Extension and Amendment is attached hereto as Exhibit G.

41.     In the Second Extension and Amendment, WAPA admits that, as of the date thereof, the outstanding undisputed amount owed to Wärtsilä is equal to US$23,680,713.37 ("Outstanding Balance").

42.     Pursuant to Section I of the Second Extension and Amendment, WAPA agreed to pay Wärtsilä US$500,000.00 within five (5) days of execution.

43.     WAPA further agreed to pay Wärtsilä, by December 31, 2020, the Outstanding Balance together with overdue interest accrued and unpaid as of the execution date of the Second Extension and Amendment, and all other overdue interest accrued on and after the effective date of the Forbearance Agreement up to February 29, 2020 at the Contract Interest Rate, and all overdue interest accrued on and after February 29, 2020 at a rate equal to the lesser of ten percent (10%) or the maximum interest rate permitted by law (the "Total Balance").

44.     The Second Extension and Amendment contains the same representations and warranties by WAPA and the same Confession of Judgment provision set forth in the Extension and Amendment.

45.     To facilitate entry of the judgment, Mr. Kupfer again executed a duly sworn affidavit, in which he admitted without condition or defense, that WAPA defaulted under the EPC Agreement and that WAPA is obligated to pay Wärtsilä the Total Balance as provided under the

9

terms of the Second Extension and Amendment. A copy of Mr. Kupfer's affidavit is attached as Annex 2 to the Second Extension and Amendment (Exhibit G).

46. While WAPA made partial payments of US$1,896,992.68 in July, US$1,492,889.40 in October, and US$110,983.50 in December, WAPA failed to make full payment of the Total Balance by December 31, 2020 and has therefore defaulted on the Second Extension and Amendment.

47. Due to a change in New York law, Wärtsilä is not permitted to execute a confession of judgment against WAPA in the New York court. Accordingly, Wärtsilä seeks a judgment from this Court pursuant to the jurisdiction provision of the EPC Agreement.

## COUNT I
### (Breach of Contract – EPC Agreement)

48. Wärtsilä repeats and realleges paragraphs 1 through 47 as if set forth fully herein.

49. Wärtsilä and WAPA entered into the EPC Agreement, whereby WAPA hired Wärtsilä to design, engineer, procure equipment for, construct, start-up and test a LPG-fired reciprocating engine power plant in St. Thomas.

50. The parties do not dispute that the EPC Agreement is valid and fully enforceable.

51. Pursuant to the EPC Agreement, WAPA agreed to pay Wärtsilä, in consideration of its performance of the Work, according to a schedule of milestone payments.

52. Additionally, if WAPA orders or causes changes to or stoppage of the Work, Wärtsilä is entitled to a Change Order, and the Contract Price shall be adjusted accordingly.

53. Wärtsilä performed the Work and changes requested by WAPA, as provided under the EPC Agreement, but WAPA failed to pay Wärtsilä as required under said agreement.

54. WAPA's failure to pay Wärtsilä constitutes a breach of the EPC Agreement.

55. As a result of WAPA's breach of the EPC Agreement, Wärtsilä is entitled to recover any and all rights and remedies that may be available at law or in equity including without limitation the right to recover all Losses incurred by Wärtsilä resulting from said breaches. The term "Losses" is defined in EPC Agreement as "any and all damages, losses, costs and expenses, including without limitation reasonable attorney's fees."

56. Accordingly, Wärtsilä is entitled to payment from WAPA for all outstanding Milestone Invoices and Change Orders, together with all accrued and unpaid interest and any other amounts invoiced, owed, or that otherwise are payable by WAPA under the EPC Agreement, including without limitation reasonable attorney's fees, in an amount no less than $24,000,000.00.

## COUNT II
**(Breach of Contract – Forbearance Agreement and Amendments)**

57. Wärtsilä repeats and realleges paragraphs 1 through 56 as if set forth fully herein.

58. On May 17, 2019, Wärtsilä and WAPA entered into a Forbearance Agreement under which Wärtsilä agreed to forbear from exercising its rights under the EPC Agreement and extended the due date of payment.

59. The parties do not dispute that the Forbearance Agreement is valid and fully enforceable.

60. The Forbearance Agreement required WAPA, *inter alia*, to pay Wärtsilä US$2,000,000.00 on or before July 1, 2019.

61. WAPA further agreed that, on or before the date occurring ninety (90) days after the effective date of the Forbearance Agreement, WAPA would pay Wärtsilä the full balance owed under the EPC Agreement together with all accrued and unpaid interest.

62. WAPA failed to make payment when due and thus breached the Forbearance Agreement.

63. By letter dated January 28, 2020, the parties entered into the Extension and Amendment, which amended the Forbearance Agreement by, *inter alia*, extending its payment terms.

64. The parties do not dispute that the Extension and Amendment is valid and fully enforceable.

65. Pursuant to the Extension and Amendment, WAPA agreed to pay Wärtsilä the outstanding balance owed under the EPC Agreement, together with any and all amounts invoiced, owed, or that otherwise become due and payable by WAPA following the date of execution of the Extension and Amendment, on or before February 29, 2020.

66. WAPA failed to pay any amount owed to Wärtsilä by February 29, 2020, and thus breached the Extension and Amendment.

67. By letter dated July 1, 2020, the parties entered into the Second Extension and Amendment, which further amended the Forbearance Agreement by, *inter alia*, extending its payment terms.

68. The parties do not dispute that the Second Extension and Amendment is valid and fully enforceable.

69. The Second Extension and Amendment required WAPA to pay Wärtsilä US$500,000.00 within five (5) days of execution.

70. WAPA further agreed to pay, by December 31, 2020, all contract amounts and interest owed to Wärtsilä as provided under the EPC Agreement, the Forbearance Agreement and its subsequent amendments.

71.     While WAPA made partial payments in July, October and December, WAPA failed to make full payment of all contract amounts and interest owed to Wärtsilä by December 31, 2020 and thus breached the Second Extension and Amendment.

72.     As a result of WAPA's breach of the Forbearance Agreement, the Extension and Amendment, and the Second Extension and Amendment, Wärtsilä is entitled to recover any and all rights and remedies that may be available at law or in equity including without limitation the right to recover all Losses incurred by Wärtsilä resulting from said breaches.  The term "Losses" is defined in EPC Agreement and incorporated in the Forbearance Agreement and its subsequent amendments as "any and all damages, losses, costs and expenses, including without limitation reasonable attorney's fees."

73.     Accordingly, Wärtsilä is entitled to payment from WAPA for all outstanding Milestone Invoices and Change Orders, together with all accrued and unpaid interest and any other amounts invoiced, owed, or that otherwise are payable by WAPA under the EPC Agreement, including without limitation reasonable attorney's fees, in an amount no less than $24,000,000.00.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Wärtsilä North America, Inc. respectfully requests that the Court enter judgment against Defendant United States Virgin Islands Water and Power Authority as follows:

a.     As to Count I, entering judgment and awarding damages to Wärtsilä in excess of $24,000,000.00;

b.     As to Count II, entering judgment and awarding damages to Wärtsilä in excess of $24,000,000.00; and

c. All such other and further relief as the Court deems just, equitable, or proper under the circumstances.

Dated: March 23, 2021

Respectfully submitted,

LAW OFFICES OF DUENSING & CASNER

/s/ Matthew J. Duensing
Matthew J. Duensing (Bar No. 64)
Robin P. Seila (Bar No. R2043)
9800 Buccaneer Mall, Bldg. 2, Suite 9
St. Thomas, U.S. Virgin Islands 00802
Telephone: (340) 774-6011, ext. 101
Facsimile: (340) 776-8520
mduensing@vilawyers.com
rseila@vilawyers.com
*Attorneys for Plaintiff Wärtsilä North America, Inc.*

HUNTON ANDREWS KURTH LLP
Rachel E. Hudgins (Bar No. R2075)
Joseph A. Patella (*To be admitted pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 850-2839
Facsimile: (212) 309-1100
rhudgins@huntonak.com
jpatella@huntonak.com

*Of Counsel for Plaintiff Wärtsilä North America, Inc.*